IN THE COUNTY COURT IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO: 2012-CC-12110
DIVISION: CC-P

3:12-cv-1251-J-12 JBT

LINDA MURPHY,

    Plaintiff,

vs.

NEW JERSEY ACCOUNTS RECEIVABLE
MANAGEMENT, INC. a/k/a ACCOUNTS
RECEIVABLE MANAGEMENT, INC.,

    Defendant.
_____/

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

LINDA MURPHY ("Plaintiff"), by and through undersigned counsel, files this Amended Complaint against Defendant NEW JERSEY ACCOUNTS RECEIBALE MANAGEMENT, INC. a/k/a ACCOUNT RECEIVABLE MANAGEMENT, INC., ("Defendant") and alleges as follows:

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and a state law tort for intrusion upon seclusion.

### JURISDICTION AND VENUE

2. Plaintiff is a natural person, and citizen of the state of Florida residing in Duval County, Florida.

3. The amount in controversy does not exceed $15,000 exclusive of attorney's fees, costs, and interest.

## PARTIES

4. Defendant, is a foreign Corporation with its principal place of business located at 155 Mid Atlantic Parkway, Thorofare, NJ 08086. While Defendant is registered in New Jersey under the name of Accounts Receivable Management, Inc., that name is already registered in Florida. Defendant registered the name of New Jersey Accounts Receivable Management, Inc. with the Department of State.

5. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

6. Defendant regularly collects or attempts to collect debts for other parties.

7. Defendant is a "debt collector" as defined in the FDCPA.

8. Defendant was acting as a debt collector with respect to the collection of the debt referenced herein.

9. Defendant regularly does business in the State of Florida.

## FACTUAL ALLEGATIONS

10. Defendant sought to collect from a third party named Rosa Lea Murphy an alleged debt arising from transactions incurred for personal, family or household purposes.

11. Defendant has constantly called Plaintiff attempting to collect on the debt allegedly owed by Rosa Lea Murphy.

12. On multiple occasions Plaintiff failed to leave a message and thus failed to identify itself as a debt collector.

13. Based upon information and belief, Defendant knew it was required to disclose its name, that it is a debt collector and the purpose of its communication to Plaintiff.

14. Plaintiff has previously notified Defendant that she did not know Rosa Lea Murphy and that Defendant was calling the wrong number.

15. Defendant continued to call Plaintiff regarding the debt owed by Rosa Lea Murphy after being informed that Plaintiff did not know that person and it was calling the wrong number.

16. Defendant's continued calling was harassing, annoying and abusive.

17. Plaintiff has retained the undersigned counsel and is obligated to pay them a reasonable fee. Defendant is liable for Plaintiff's attorney's fees pursuant to the FDCPA.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692d(5)

18. Plaintiff incorporates Paragraphs 1 through 17.

19. After being informed that Plaintiff did not know the alleged debtor and that it was calling the wrong number, Defendant caused Plaintiff's telephone to ring and engaged Plaintiff in telephone conversations repeatedly or continuously with the intent to annoy, abuse or harass Plaintiff.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692d(6)

20. Plaintiff incorporates Paragraphs 1 through 17.

21. Defendant placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose its name and or that it is a debt collector and the purpose of Defendant's communication in violation of 15 U.S.C. § 1692d(6).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT III
## INVASION OF PRIVACY BY INTRUSION ON SECLUSION

22. Plaintiff incorporates Paragraphs 1 through 16.

23. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to the invasions of individual privacy**.

15 U.S.C. § 1692(a) (emphasis added).

24. Defendant intentionally interfered with the solitude and seclusion of Plaintiff by repeatedly and unlawfully attempting to collect an alleged debt via repeated telephone calls placed by the use of illegal means and thereby invaded Plaintiff's privacy, seclusion and solitude.

25. Defendant intentionally caused harm to Plaintiff's emotional well being in offensive conduct in the course of collecting the alleged debt, and thereby invaded and intruded upon Plaintiff's right to privacy.

26. Plaintiff has a reasonable expectation of privacy in maintaining Plaintiff's solitude, seclusion and private affairs.

27. These intrusions and invasions against Plaintiff occurred in a way that is highly offensive to a reasonable person.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Such other or further relief as the Court deems proper

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues so triable.

JASON K. S. PORTER, P.A.

ERIC C. ROBERSON, ESQUIRE
Florida Bar No.: 014649
eric@jasonporterlaw.com
3325 Hendricks Avenue, Suite A
Jacksonville, Florida 32207
Telephone: 904-858-3211
Facsimile: 904-858-3299
**Primary email address for service of pleadings:** pleadings@jasonporterlaw.com

ATTORNEY FOR PLAINTIFF